On Case 13-4111, Stew Farm Ltd v. Natural Resource Conservation Service I'm sorry, would you like me to supplement the brief I offered? You can file a supplemental brief up to 5 pages, and that should be done within 10 days. And your opponent can file a response within 10 days thereafter. Thank you. On Case 13-4111, Stew Farm Ltd v. Natural Resource Conservation Service Co-Argument on Case 13-4111 15 minutes to be shared by all parties Richard C. Ricketts, Co-Argument Good morning, Your Honors. Richard Ricketts. I would like to reserve 2 minutes of rebuttal time, if I could. The issue on appeal today is whether the District Court properly dismissed this case as to each of the three defendants on each count of the plaintiff's amended complaint for the provisions of 12b-1 and or 12b-6. Now to try to put everything in perspective, I think you can kind of summarize this by looking at two very succinct things that I'll cover today. The first one is, does water flow uphill in a waterway or near a waterway? And if it does not flow uphill, is there Federal regulations that apply that would provide the theory as liability and a cause of action in respect of these three defendants? Well, I think it's very clear that water does not flow uphill. And in this particular case, that's effectively what is asserted that we ended up with, that we have waterways where the water would have to run uphill for them to properly function. So it really boils down to whether or not we have applicable Federal regulations that would provide a cause of action. Now, I'm going to explain today that there are very specific regulations in this particular set of instances that govern that, in fact, scenario. Are you focused on the Little Tucker Act to start, or where are you starting? Let's start, and I'll clarify. Obviously, there's two sets of relief here. There is the issue of the declaratory judgment of Mandamus, and then there is the Little Tucker Act. And if you want to look at those... Tell me your theory under the Little Tucker Act. The Little Tucker Act, effectively what the defendants have said under the Little Tucker Act is there was no contract. And I'm going to cover there, in fact, was a contract, and an agreement is between the parties and the Federal Government. So as we go down through the facts of things, there was, in fact, a contract. Then the second thing that they argue in the Little Tucker Act... Maybe I should ask the question, where's the waiver of sovereign immunity under that claim? Is it on the regulation? It is based upon the fact that there was, in fact, an agreement, and there is, in fact, a direct cause of action under the federal regs. Okay, so just start with the waiver of sovereign immunity. Where is that? The waiver of sovereign immunity comes by virtue of the fact that there is a direct cause of action, and there was, in fact, an agreement that exists. So these are technical service providers? Is that the point you're now making? A technical service provider flows out of the argument. And let's cover the big picture because that's exactly where we're headed. Actually, I'm not interested in the big picture. I'd like an answer to the where's the waiver of sovereign immunity for Little Tucker Act purposes. The waiver of sovereign immunity comes through the sections of the code and the agreement that was entered into as between these parties. When you're talking about... Let's look at the parties that are involved. You have the Federal Government, in this case the NRCS. You have the state entity, the county entity, which is the Pickaway County Soil and Water. And then you have, in theory, a technical service provider. And I think to be able to get to the point that you're trying to get at, you have to look at the perspective of saying that all of those are effectively Federal Government employees or agents because under the regulations that are involved, all of them are responsible. And that's a key component as to the issue with the district court. It seems to me the regs allow suits against technical service providers, but that doesn't establish a waiver of immunity for suits against the Federal Government. I may be wrong. I'm giving you a chance to tell me why I'm wrong. And let me explain to you why because you have to work your way down through the system. If you start with 402 of the regulations for the NRCS, it sets up a very specific set of parameters for what must be done to be able to do a waterway. And I want to point out, you can't do a waterway without having the Federal Government review and approval, and they must do the engineering. So this isn't like you go get a separate engineering company and submit it for review and approval. You must work through them. They do the engineering drawings. I'm not saying it's not frustrating that you can't sue the Federal Government. I'm not even saying you shouldn't be able to, but unfortunately we're not allowed to let that happen without identifying the waiver. Let me go specifically then to you're really talking about whether or not there is an express or implied authority to sue, and this is where it comes. If you look at, you start under Section 412, and Section 412 provides that the government will in fact do certain things. And if you want to sum it up in very simple terms, when these waterways are designed, they're to be designed so that the water flows into them and the water flows out of them at a rate that does not cause damage. So the idea is you can imply the waiver from these various things and the role the government has and the role of technical service providers? Is that the basic theory? I don't think you even have to imply it. I think it is implied, but I think it goes more than just implication. And if I can move forward... Let's just say you're right. If you're right, doesn't it mean we have to transfer this case to the Federal Circuit? Doesn't the Federal Circuit have exclusive jurisdiction over all Little Tucker Act claims? No, I don't think so, Your Honor, not when we're involving... Are you talking about the district court or are you talking about... The Federal Circuit has exclusive appellate jurisdiction over all cases based in whole or in part on the Tucker Act. Okay, I agree with that. So if you're right, we have to transfer the case. Okay. All right, let me move forward. When you look then at NRCS Regulation 505, it says very specifically that the NRCS is technically responsible for everything being complied with. So all the regulations and rules, all the steps must be complied with. And then it says, and you can use a technical service provider. It doesn't say, Farmer, you can go get a technical service provider. It says, NRCS, you can use a technical service provider that you must supervise, you must qualify, and you must make sure that they follow these steps. Now that's the important link in terms of getting past that sovereign immunity argument that you were suggesting, Your Honor, because... And you obviously were referring specific to the language that says the technical service providers are responsible for the technical services they provide, including any costs, damages, claims, liabilities, and judgments. All right, now when they're an agent of the federal government under these statutes, no question about it, then doesn't that suggest that there must be liability in respect of the NRCS to be able to comply with the statutes? Why else would you put a provision that says the TSP is responsible? Because if they are an agent of the federal government and there is no responsibility at all... I would say the key word in that sentence is suggest. And I think your theory is a theory of implication, and that's problematic because waivers of sovereign immunity are supposed to be expressed. I think either expressed or implied, Your Honor. And in this particular situation, I will argue that that is expressed language. What's your best case for saying courts can identify waivers of sovereign immunity through implication? Your Honor, I would have to look through my briefs to find that. All right, well, maybe on rebuttal. Now, going back and looking at this, when you combine everything together, you're looking at a situation where the federal government, NRCS, Pickaway County Soil and Water, and the TSPs, the technical service providers, are all in the same link. Now, understand the process very quickly. And this is important because this sets forth the basis of the litigation and why it's not a state claim. Everybody is saying, well, these are just state causes of action. They're not. Here's why. Under this requirement, the first step is that the farmer must meet with the NRCS to determine whether or not the project is effectively feasible. To the extent that they determine it is, there is a conservation plan established, which is an agreement that is signed, that says, on this basis, we're going to move forward. What's the next step required by Section Code 412? You must go out, not you the farmer, you the government, must go out and do the fieldwork to determine whether or not this work can be done so that water flows downhill. Which government does the fieldwork? The fieldwork is commonly delegated to the Pickaway County Soil and Water District or the county. But in fact, it is under the auspices of the NRS. But in this particular case, Pickaway County was supposed to do the fieldwork. They didn't. The allegation in the complaint is it never happened. Now let's move. You mentioned earlier in the discussion a contract. Who signed the contract? Did the federal agency sign the contract? Yes. There are two aspects of the agreement. The first one was the agreement, and this came directly from Pickaway County in saying, you're having water problems, come to us and we'll help you fix them. Where is the contract that the federal government signed? It's attached to the complaint, the amended complaint, and it's called a conservation plan. So there's a conservation plan that you refer to in the complaint? Yes, it is appended to the amended complaint. It's appended to the amended complaint. Thank you. But it gets worse. Once you have these drawings, fieldwork done, there's supposed to be a set of engineering drawings done, required by the federal regulations. Guess what? It doesn't happen. It's alleged that there was not even engineering drawings. The contractor, who was the TSP in this case, or the asserted TSP, went out and did the work without ever having an engineering plan done. And then, it is supposed to and required under the federal code that that be approved by the federal government, in this case the NRCS, supervising the Pickaway County. Once again, it is alleged that that never happened. Now, what's more important here as we look at the situation in terms of the declaratory and the mandamus action, is these are federal actions. They have nothing to do with the state. These are what must happen for these waterways to occur. There is no alternative. And so this is not a state court action in terms of saying, shouldn't the NRCS and shouldn't the state, through its county, and shouldn't a TSP be in a position where they, in fact, have to comply with these regulations. The code of regulations and the laws say, yes, you should have to apply. And then, as the court has already suggested, there is a very specific statute that says that TSPs are directly responsible. I argue that that goes even further, that it effectively says that anybody involved in this process is responsible. But at the minimum, we're talking about seeking relief to say comply with the federal laws. And it's not something that we can get relief anyplace else because the whole process is regulated through the federal system. It is governed by the NRCS. It is implemented by the Pickaway County Soil and Water in this particular situation and or their agent, the TSP. Your Honors, I see that I am running out of time. And I would just suggest to you this is not a state court case. This is not a case where there's no contract. This is not a case that involves a statute of limitations. This is a case that involves specific federal regulations that say you shall do. And this plaintiff wants them to do and wants damages against three different defendants if they didn't. One of those defendants, those damages are fairly clearly awardable under federal law in the context of a TSP. Thank you. Good morning, Your Honors. Scott Williams from Watershed Management and Carl Hammond. What we would like to do is I'll take up to seven minutes and then the other appellees will split the time equally at four minutes. In this case, for a claim to arise under federal law, a cause of action has to be created by federal law or the state law has to implicate significant federal issue. Appellant relies on 7 CFR 652.4D as their only citation to try to place liability, responsibility, or to allow for a federal cause of action against Watershed. And I don't believe that that is the purpose of this regulation. As the appellant had indicated, all of this is done through the governmental agencies. They have to be approved by governmental agencies and the like. What this regulation is simply doing is saying that TSPs remain responsible for the work that they perform. It's not creating a separate cause of action under this regulation. And what's important to note is there is nothing in this regulation or anywhere else in the federal laws that are referred to by the appellant that state that a participating landowner has a private right of action. Let's say I think you're right about this. What about this feature of the law that the federal circuit has exclusive appellate jurisdiction over these claims? Does that mean we only send them on if they're colorable claims and if we think it's not much of a claim, as you urge, we're allowed to say it's not much of a claim and therefore we don't have to send it on? We only send on plausible claims? Or what happens? Well, I would think that if you say that if it doesn't arise under federal law, I think it can be dealt with here. Well, I mean, they are alleging a federal regulation. Suffices to give you the Little Tucker Act waiver of sovereign immunity. Well, again, and I'll be honest with you, I've not looked at that issue. And the Little Tucker Act I don't think applies to my folks in this particular situation. I think it only applies to the governmental agencies, if I'm correct. Okay. Well, maybe they can answer the question. Great. You're representing Watershed. Watershed Management. And you're the TSP. I am the alleged TSP. Oh, you're saying you're not even a TSP? We're saying that we are not a TSP in this case. If you were a TSP, would you be a federal agent? No. But you are citing a regulation in 7 CFR, which you said said that TSPs are responsible for the work that they perform. Correct. So if there's a federal regulation that so provides, why wouldn't someone be able to sue the TSP for failing to provide proper work? They can sue. They can sue in state court, Your Honor. They can sue for breach of contract, which they have alleged promissory estoppel, detrimental reliance. They have remedies here. That's the interesting thing. The appellant alleges that if you don't find that they have a private right of action under the federal law, they have no means to recover. That's not the case at all. In their complaint, they mentioned Mr. Neff. Mr. Neff was the owner of this farm at the time that entered into the contract with Watershed and was the owner of the farm when the work was performed on the property. Stew Farms didn't buy the property until over two years after the work was performed. A lawsuit in state court was filed by Watershed to try to recover money owed to them for the installation of this waterway, and Mr. Neff counterclaimed for breach of contract and negligence for the installation of this waterway. And is that suit still pending in state court? It is pending in the court of appeals, as I understand it. This was a case that was determined on summary judgment, went up to the court of appeals. The state court of appeals affirmed in part and reversed in part, sent it back down. But what they did, the court of appeals did affirm, because the trial court's decision on the summary judgment motion found that Mr. Neff's claim for breach of contract, negligence, was found in favor of Watershed because Mr. Neff couldn't prove any damages as a result. And so that was, then it went down and there was a trial held on Watershed's claim against Mr. Neff for recovery. The jury found that Watershed couldn't prove their claim, and that's what's up on appeal now in that situation. And with regard to this regulation also, I think it is very important. This regulation focuses on the responsibility of a TSP. It's under a section entitled Technical Service Standards. It doesn't talk anywhere in it, and it's not entitled Rights of Participant Landowners. And in a case that I cited, Alexander v. Sandoval, it states that statutes that focus on the person regulated, which is the TSP, rather than the individuals protected, the landowners, create no implication of an intent to confer rights on a particular class of person. Again, I believe this regulation, what it does is the drafters wanted to make sure that everyone understood that TSPs, who were private contractors who were granted TSP status, were not entitled to any type of governmental immunity, that they remained responsible for their acts, whereas the governmental agencies may claim immunity in these situations. I see I've only got 22 seconds left, so I think I'll end it there. Thank you. Thank you. May it please the Court, Aaron Glasgow here on behalf of Pickaway County Soil and Water District. I'm here mostly to answer questions. I have four minutes, so if you have questions that you would like to ask me specifically, I'd certainly like to answer those first, but barring that, I want to pick up on something Mr. Williams said. This isn't an issue where the plaintiff could not have sued Pickaway County. They could have sued state claims in state court, but our point is, and the district court correctly found, that they can't bring these sort of amorphous federal claims. Had they brought these claims legitimately as state law claims in state court, they would have run into a lot of roadblocks in terms of immunity and other issues. Were state claims filed in this case in federal court? No. Well, there's contract claims, and we've briefed that. We don't believe there's any contract claims, but there's no state tort claims expressly. There's no express state court claims. Our contention is that because what they've alleged, and I can't remember how they term it, this sort of amorphous federal claim directly applying these laws, we've construed those as state law claims using federal law to supply some form of a duty. But basically, it's a state law negligence claim or recklessness. It's a state tort claim against Pickaway County. And our central contention is there's simply no direct claim under the federal statutes and that even if it's a state law claim with a federal law as an element, it's not a substantial. It doesn't raise a substantial issue of federal law. The second, because I've got limited time, the second piece is I just note that my client has an entirely separate basis on which the district court granted our motion, which was on the issue of statute of limitations. And an appellant basically provides no basis on which the statute of limitations wouldn't apply. The basis for it, the factual basis, and it's borne out in the complaint and in the pleadings from the state case on which the district court took judicial notice, was that the stew farm, which was the buyer, actually attempted to intervene at some point into the state law claim or into the state law case. I think it was May 20, 2009. The issues in that case were the defects in the waterways, all the same type of issues, and then waited for roughly, I believe it was 36 months, to file the claim in this case. Under 2740.404, which applies to Pickaway County, that's a two-year statute of limitations and this would be well in excess of that. The case law that I've cited from this court, because there was an issue, the appellant brought up the discovery rule and whether they really discovered it and the issue of whether they discovered the wrongdoing of Pickaway County, is that what is obvious based on the information that's known, even if they don't know specific facts about the wrongdoing of a party, when the damage is known and the fact that the party was involved in the case, that's sufficient to trigger the statute of limitations to run. So we believe the district court correctly found the statute of limitations applicable in this case. I have limited time, so thank you. Good morning, Your Honors. John Stark on behalf of the Natural Resources Conservation Service. I think it's important to step back in this case. There are many boilerplate allegations in the complaint, but I want to state something at the outset. There is a waiver of sovereign immunity that makes the United States liable like a private person under state law, with exceptions to that waiver, and it's called the Federal Tort Claims Act. And the plaintiff here has specifically disclaimed the Federal Tort Claims Act, claims it is not bringing a claim under the Federal Tort Claims Act. So that is a backwards-looking state law damages claim. If there's any claim that would fit in this case, and I'm not saying that the Federal Tort Claims Act would actually be a successful avenue for the plaintiff, but I am saying that's the waiver of sovereign immunity that waives the United States liability under state tort law. These other waivers that the plaintiff is relying on simply do not fit. The Little Tucker Act, for example, the plaintiff doesn't even argue in its brief that there's a money-mandating statute or regulation. It doesn't cite any statute or regulation. Let me handle this exclusive appellate jurisdiction point. How are we supposed to do that? Well, Your Honor, the district court decided that it did not have jurisdiction under the Little Tucker Act. This court certainly can decide that the district court was correct in that determination. If the court decides that the district... Is that right? Is that how it works? I mean, with the Court of Appeals, even though there's exclusive jurisdiction in the Federal Circuit, even as to that, we... Under Smith v. Orr, Your Honor, that is my understanding. Okay. Yes. So the other problem with the Little Tucker Act is the plaintiff does not allege that the United States breached the contract with Stew Farm. The plaintiff doesn't even attach the contract with Stew Farm to its complainant. There's a contract with John Neff, and that's a Conservation Reserve Program contract, and the duties of the secretary are to fund that contract if the owner complies, if the NRCS determines that the owner complies, and the Food Service Agency decides to fund the contract and the CCC is actually the party to the contract, the Commodity Credit Corporation, then the government will fund the contract. The other very puzzling thing about this case is the relief that the plaintiff is requesting. It's really saying, my project's out of compliance. Well, what the federal government does is say, then we're not going to fund it. The plaintiff can build a grassed waterway on its private lands. This is a voluntary program. The Conservation Reserve Program is voluntary. What the government says is we're going to decide whether to fund it. So it's not a warranty program for a plaintiff or anything of that nature. So could a plaintiff sue your client in federal court to say you should provide funding? Your Honor, the other aspect of this case that's not been discussed, yes. In certain scenarios, and part of the problem with this case is the plaintiff never exhausted administrative appeal procedures and received a final agency decision from the USDA's National Appeals Division. Under the NRCS's provisions for exhaustion under appeal procedures in 7 CFR 614.3b, it specifically says, with respect to matters identified in paragraph A of this section, participants may feel adverse decisions concerning issuance of payments or other program benefits to a participant in a program. So if the United States denied payment to Stew Farm, let's say, that was alleged, which is not even alleged in the complaint. But if it were, then there would be an appeal process for that. Now some matters, I would take the position, some matters would be subject to the discretion of the United States. Did the NRCS pay NEF? Yes, Your Honor. And we can see that even in the closing, in the real estate document that Stew Farm attaches to the complaint. That money was actually assigned to Stew Farm. So again, a real oddity of this case is Stew Farm is arguing that it shouldn't have been able to receive money under federal law. That would be what the federal agency would do if it determined that the landowner was out of compliance. The United States just wouldn't fund the project. And then that would have to be the incentive to make the landowner bring the project into compliance. Could the NRCS seek reimbursement from a landowner to whom it had made payments, saying that the landowner didn't properly contract with the TSP or something else along those lines? Absolutely, Your Honor. If the Natural Resources Conservation Service determined that a project was out of compliance or became out of compliance, it could recommend to the Farm Service Agency and the Commodity Credit Corporation that the contract should be terminated, that funds should be returned to the federal government. So again, we have a very odd circular case here where Stew Farm is actually arguing that it shouldn't be receiving money under the Conservation Reserve Program because that is the duty of the secretary to fund a project that it determines is in the public interest. Is the TSP a federal agent? No, Your Honor. No. And there's been a lot of talk about TSP in this case. I want to make clear, even under the allegations of the complaint, Watershed Management was Mr. Neff's contractor under an oral contract. Watershed Management did the construction work. That's not a TSP. A TSP is a technical service provider. And I explain it in more detail in the brief, but that's a significant red herring in this case that is really completely out of whack with the regulatory structure. I cite a handbook. Is there a TSP in this case? The technical service providers in this case were the Natural Resources Conservation Service and the Pickway County Soil and Water Conservation District. I hesitate to call them TSPs per se because TSPs were established by the United States to allow other parties to do the work that NRCS does and soil and water conservation districts ordinarily do because of basically lack of human resources in getting the job done. If Watershed Management was a TSP, then it would do the plans. It would do all of these things that Pickway County Soil and Water Conservation District did and NRCS did. And I want to point out, I've heard the plaintiff in the oral argument and in the reply mentions that there were no plans or anything, and I find that puzzling. Plaintiff's Exhibit I is the conservation plan. It's assisted by Dan Garver, who's an employee of the Natural Resources Conservation Service. The court can see that it's signed by Mr. Garver and Mr. Neff and a representative of Pickway County Soil and Water, so there was a determination made that the project was appropriate. The signatures from NRCS are in August of 2006. Mr. Neff's signature is October 2006. There's an alternative waterway design sheet at Exhibit J, Your Honors. Are there any cases where NRCS has been sued and there has been a finding that there is an implied private right of action or a finding that there is not an implied private right of action, or is this a really unique case? This, Your Honor, is an unusual case. I'm not aware of any private right of action cases under the Conservation Reserve Program statutes. Again, I come back to the Federal Tort Claims Act. That's the statute that waives the sovereign immunity of the United States and makes it liable like a private person with certain exceptions. That's how a plaintiff brings a backward-looking damages claim. Thank you. And, Your Honor, as far as the administrative... The red light is on. Yes, Your Honor. I would just ask that the court affirm the district court's decision below. I want to start by very quickly saying you must delineate between the federal regulations in play and the state court litigation that involved a contractual relationship between the former owner and watershed management. Now, there are facts that we know as a result of that trial, but nonetheless, it is completely different than the lawsuit we're dealing with now as to whether or not these defendants must comply with specific federal regulations that have been cited. I also want to go next to the issues that were cited by the county, and there's an important one here. In terms of the statute of limitations, it was not addressed. Again, the state court action related to whether or not there was a breach of a contract between the former owner, Mr. Neff, and watershed management. During the discovery in that case, another employee of the federal government, the NRCS, acknowledged under oath and ultimately testified at trial that the government didn't follow its procedures. The government regularly did not get engineering plans done in advance. The government regularly did not supervise, and it was regularly with this watershed management contractor that effectively they went and did the work without having any of that work done. That's not in compliance with the federal regulations. There's been a discussion about whether or not a TSP is an agent. I disagree with the arguments of opposing counsel. The reality is they are solely responsible to the federal government. They are not responsible in the context of a contract to the landowner. This issue of whether or not they were a TSP, in this particular case it's asserted that watershed management played two roles. They were the contractor and they were the TSP. It raises a little bit of a conflict of interest, and in fact that is a problem in this particular case. The federal government also indicated that when we look at the NRCS duties, that the NRCS duties are to fund. Well, that's not true. The statute says you shall do these things, and they must do those things. They didn't do those things. They also reference the fact that you must exhaust appeals. How do you exhaust an appeal when the allegation is you didn't issue a decision? The reality is they didn't go out and create engineering studies. They didn't go out and investigate. So there isn't any decision that you can exhaust your remedies on. Your only recourse is to effectively bring suit in federal court to say, under the mandamus decoratory judgment, you need to comply with the regulations. Why not the Federal Tort Claims Act? The Federal Tort Claims Act relates only to the issue of the damages. That's not the complete issue here. The complete issue here... The Little Tucker Act, the amount of damages is only up to 10,000? I will agree with you, but that's not the primary purpose of this litigation. The primary purpose of this litigation in respect to the federal government is you are the gatekeepers of this entire section, and you need to comply with your own regulations and your regulations are specifically that you will do this, this, this, and this. You didn't do any of that. You should be instructed to, in fact, comply with those obligations. And your red light's been on for a long time, so thank you. Thank you. Thank you all for your argument. The case will be submitted, and would the clerk adjourn court, please?